**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUE STIEGLER, | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20 CV 2020 |
| | ) | |
| JOSEPH BONKOWSKI and MICHAEL | ) | |
| MCNAMARA, | ) | Judge |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff SUE STIEGLER, by and through her attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants JOSEPH BONKOWSKI and MICHAEL MCNAMRA, states as follows:

## JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

## VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief the individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff SUE STIEGLER ("Plaintiff or Stiegler") was, at all times relevant to this action, a resident of the town of Justice in Cook County.

6. Upon belief, Defendant JOSEPH BONKOWSKI ("Bonkowski") was, at all times relevant to this action, employed by the town of Justice as a corporal with the Justice Police Department.

7. Upon belief, Defendant MICHAEL MCNAMARA ("McNamara") was, at all times relevant to this action, employed by the town of Justice as a sergeant with the Justice Police Department.

8. All individual defendants are sued in their individual capacities.

## FACTS

9. On April 27, 2018 at about 4:00pm, Plaintiff watched Defendant Bonkowski and his partner, Corporal Debella, as they searched her neighborhood.

10. Justice police officers did not normally patrol Plaintiff's neighborhood.

11. Because Plaintiff was a member of a government watchdog group, she decided to monitor these officers.

12. Plaintiff began following Defendant Bonkowski and his partner, remaining fifty to one hundred feet behind the officers while videotaping them on her smartphone.

13. After a few minutes, Defendant Bonkowski screamed at Plaintiff to stop videotaping the police and to return to her house.

14. When Plaintiff refused to stop videotaping the officers, Defendant Bonkowski cursed her and walked toward her. He again commanded that Plaintiff stop videotaping and go back

2

into her home. Then while standing less than a foot from Plaintiff, he grabbed her smartphone and threw it in the neighbor's yard.

15. Defendant Bonkowski then arrested Plaintiff for videotaping him and his partner.

16. Defendant McNamara assisted in arresting Plaintiff. As Defendant Bonkowski's immediate superior, he confirmed that the arrest for videotaping an officer performing his official duties was valid and had Plaintiff arrested.

## COUNT I

### FIRST AMENDMENT RETALIATORY ARREST AND PROSECUTION

17. Plaintiff restates and realleges all the statements made in paragraphs 1-16 of this Complaint as though fully set forth herein.

18. Plaintiff exercised her First Amendment right to freedom of speech when she videotaped the actions of Defendant Bonkowski and his partner on April 27, 2018.

19. Defendant Bonkowski retaliated against Plaintiff by having her arrested for videotaping him and his partner while they conducted a search of the area.

20. Defendant McNamara further retaliated against Plaintiff by assisting in her arrest, knowing the arrest was merely based on Plaintiff having videotaped Defendant Bonkowski.

21. Defendant Bonkowski submitted a false report to the prosecutors, claiming Plaintiff obstructed him, inducing the prosecutors to bring charges against the Plaintiff.

22. At Plaintiff's trial, after Defendant Bonkowski testified, the judge reviewed Defendant Bonkowski's body worn camera and immediately acquitted Plaintiff.

23. As a result of this First Amendment retaliation, Plaintiff was harmed by loss of liberty, malicious prosecution and related physical and mental trauma.

## COUNT II
## UNREASONABLE SEIZURE

24. Plaintiff restates and realleges all the statements made in paragraphs 1-22 of this Complaint as though fully stated therein.

25. Defendant Bonkowski used unreasonable force when he knocked Plaintiff's phone out of her hand.

26. When Plaintiff was arrested by the individual defendants, there was no probable cause arrest for any crime.

27. The false arrest and false reports of that arrest resulted in Plaintiff's loss of liberty, malicious prosecution and related physical and mental trauma.

   WHEREFORE, Plaintiff requests this Court award the following:

   a. compensatory damages in an amount not less than $200,000.00;
   b. punitive damages against the individual defendants in an amount not less than $50,000.00 each;
   c. attorneys' fees and costs to Plaintiff; and
   d. any other relief this Court believes appropriate.

                                                    Respectfully submitted,
                                                    /s/ Scott T. Kamin
                                                    Attorney for Plaintiff

Law Offices of Scott T. Kamin
53 W. Jackson Blvd
Suite 1615
Chicago, IL 60604
(312)307-8848
Attorney No.: 6226855
scotttkamin@aol.com